WARNER, J.
 

 A father appeals an order of the trial court recognizing and enforcing a Jamaican custody decree granting immediate custody of the child to the mother. Because the mother has already reacquired custody of her daughter and returned with her to Jamaica, the mother contends that appeal of the court’s order is now moot. The father claims that we should consider the merits because the order could be enforced in Florida if the child ever returned for a visit. We conclude that even if it were not moot, the trial court did not err in enforcing the Jamaican judgment.
 

 The mother’s petition for enforcement and registration of the Jamaican judgment requested relief available under sections 61.528 and 61.531, Florida Statutes.
 
 [1]
 
 Both statutes required the trial court to evaluate whether the father had proper notice and opportunity to be heard in the Jamaican proceedings. The father had notice of those proceedings and entered an appearance, having been represented by a Jamaican attorney until the attorney withdrew because of the father’s failure to pay. The father had notice of all relevant hearings and even secured an order for the Jamaican authorities to conduct a social investigation. That he failed to appear at the final hearing or appeal the resulting custody order is, as the trial court noted, not a failing of the Jamaican procedures but of the father. “The fact that their investigation and court proceedings were incomplete is the fault of Mr. Dyce not the Jamaican system of Justice.”
 

 Furthermore, the father’s claim that a Florida court should not have afforded comity to the Jamaican decree, because it was entered in violation of the public policy of Florida, is also unavailing. All parties agree that Jamaican law requires that a custody order consider the best interests of the child. The father argues that the trial court failed to use that standard in its custody decree. Section 61.506(3), Florida Statutes, provides, “A court of this state need not apply this part if the child custody law of a foreign country violates fundamental principles of human rights.” We take that to mean that when the foreign law itself fails to recognize a fundamental public policy tenet, such as considering the best interests of the child, the courts of this state may decline to recognize the judgment. However, whether the foreign court has properly
 
 applied
 
 its law is a question for the foreign jurisdiction. We do not think that public policy considerations require a Florida court to reevaluate the merits of every foreign custody decree to determine whether a child’s best interest has been served by the foreign decree. Indeed, the very purpose of the Uniform Child Custody Jurisdiction and Enforcement Act is to
 
 *894
 
 avoid jurisdictional conflicts and relitigation of custody decisions of other states. § 61.502, Fla. Stat. In this case, although the father complains that the Jamaican court did not consider the child’s best interests and decided the matter without an evidentiary hearing, he appeared in those proceedings but then refused to participate in the investigation that his own lawyer requested, failed to appear to contest the results, and failed to appeal the determination of the Jamaican court. Any relief from those proceedings should be granted by the Jamaican court.
 

 We affirm the final judgment of the trial court.
 

 POLEN, J., and KAPLAN, MICHAEL G., Associate Judge, concur.
 

 [1]
 

 . "A court of this state shall treat a foreign country as if it were a state of the United States for purposes of applying ss. 61.501-61.523.... [A] child custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this part must be recognized and enforced under ss. 61.524-61.540.” § 61.506(1), (2), Fla. Stat.